**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW G. CLARK, | No. 21-35304 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00253-AA |
| v. | |
| WELLS FARGO BANK, N.A.; OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.; OREGON STATE BAR ASSOCIATION; LEAH C. LIVELY; DAVID P.R. SYMES; CHRISTOPHER MIXON; MICHAEL HOGAN, Administrative Law Judge, Hogan Mediation; ALEX GARDNER, Forensic Services Div.; ERIK HASSELMAN; STEVEN W. SEYMOUR; CHRISTIAN JOSEPH ROWLEY, Seyfarth; BENJAMIN N. GUTMAN, Solicitor General; BARRY DAVIS; DAVID CAMPBELL; BRUCE NEWTON; PETER URIAS, Seyfarth; ELLEN ROSENBLUM; SEBASTIAN TAPIA; BEN MILLER; VANESSA A. NORDYKE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 15, 2022[]
San Francisco, California

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Andrew G. Clark appeals pro se from the district court's judgment dismissing his action under 42 U.S.C § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Clayton Antitrust Act, 15 U.S.C. § 15, alleging various federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1287 (9th Cir. 1992) (summary judgment). We affirm.

The district court properly granted summary judgment for defendants Hassleman and Gardner because Clark's claims against them are barred by claim preclusion. *See W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (explaining that claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action").

The district court properly dismissed Clark's claims against the Oregon State Bar because Clark failed to allege facts sufficient to show any antitrust injury, a violation of his constitutional rights, or a RICO predicate act. *See Hebbe*, 627 F.3d

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

21-35304

at 341-42 (holding that although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Clark's RICO and § 1983 claims against Wells Fargo as barred by claim preclusion, and his remaining claims against Wells Fargo and other defendants as time-barred. *See* 15 U.S.C. § 15b (stating that Sherman and Clayton Antitrust Act claims must be initiated "within four years after the cause of action accrued" or they "shall be forever barred"); Or. Rev. Stat. § 12.110(1) (Oregon has a two-year statute of limitations for personal injury actions); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (noting the statute of limitations for civil RICO actions is four years); *W. Radio Servs. Co.*, 123 F.3d at 1192.

The district court properly denied Clark's motion for intervention. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (setting forth standard of review and criteria for granting intervention under Fed. R. Civ. P. 24).

We reject as without merit Clark's contention that the district judge engaged in improper behavior.

All pending motions are denied.

**AFFIRMED.**